# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY as subrogees of GEORGE HANNA,<br><br>Plaintiff,<br><br>VS.<br><br>MIDEA AMERICA CORP. and MIDEA GROUP,<br><br>Defendants. | No. 1:24-cv-00080<br><br><br>**NOTICE OF REMOVAL** |

Defendants Midea America Corp. and Midea Group, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notify this Court that it is removing the above-captioned action currently pending in the Iowa District Court of Benton County to the United States District Court for the Northern District of Iowa, Cedar Rapids Division. In support of this Notice of Removal, Defendants state:

**I.    THE STATE COURT ACTION**

1. On July 18, 2024, Plaintiff Allied Property & Casualty Insurance Company as subrogee of George Hanna filed its Petition at Law against Defendants Midea America Corp. and Midea Group. (A copy of Plaintiff's Petition at Law is attached as Exhibit A.)

2. Defendants were purportedly served with an original notice and petition on July 25, 2024 and July 26, 2024, respectively. An Affidavit of Service filed in the Iowa District Court for Benton County, indicates that an authorized representative of Midea America Corp. was served on with a copy of the Original Notice and Petition on July 25, 2024. According to another Affidavit of Service filed in the Iowa District Court for Benton County, Midea Group was served with a copy of the Original Notice and Petition by serving the same individual purported to be a representative of Midea America Corp. on July 26, 2024. Pursuant to 28 U.S.C. § 1446(b), this

IN THE IOWA DISTRICT COURT FOR BENTON COUNTY

| | |
|---|---|
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, as subrogee of George Hanna,<br><br>Plaintiff,<br><br>v.<br><br>MIDEA AMERICA CORP and MIDEA GROUP,<br><br>Defendant. | Case No.<br><br><br><br>**PETITION** |

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Allied Property & Casualty Insurance Company ("Allied") is an Iowa corporation with its principal place of business in Des Moines, Iowa. At all times relevant, Allied was licensed to do business in Iowa and to issue property insurance policies.

2. At all times relevant, George Hanna purchased and maintained in effect an insurance policy with Allied, which provided coverage for his home at 111 Scenic Drive, Vinton, Benton County, Iowa.

3. Defendant Midea America Corporation is, upon information and belief, is a Florida corporation with a principal place of business in Parsippany, New Jersey.

4. Defendant Midea Group is a Chinese business entity that mostly resembles the U.S. business form of a corporation, with its principal place of business in China at No. 6 Midea Avenue, Beijiao town, Shunde District, Foshan, Guandong, China.

5. Defendant Midea America Corp. is, upon information and belief, is the US subsidiary of Midea Group and Midea.

6. At all times material hereto, Midea Group exerted control over Midea America Corporation, including control over Midea America Corporation's day to day activities.

7. At all times material hereto, the Defendants were engaged in the business of designing, manufacturing, supplying, distributing, marketing, advertising, and selling consumer appliances, including dehumidifiers, throughout the United States, including in the State of Iowa.

8. Service of process on Midea Group can be made in the United States through Midea America Corporation. The Hague Convention is not implicated when service of process is made in the United States.

9. The event that is the subject of this action occurred in Benton County, Iowa. Therefore, venue is proper in Benton County.

10. This court has jurisdiction over the matter, as the claimed damages exceed the value of damages available in small claims court.

## FACTS COMMON TO ALL CLAIMS

11. Prior to May 20, 2022, but less than 15 years from the date of the filing of this Petition, insured George Hanna purchased a dehumidifier manufactured by Defendants.

12. The dehumidifier purchased by George Hanna and manufactured by Defendants was used in Mr. Hanna's residence in Vinton, Iowa.

13. At all relevant times, the dehumidifier was used for its intended purpose.

14. On or around May 20, 2022, a fire occurred in the house.

15. The fire originated at and was caused by the defective and unreasonably dangerous dehumidifier, specifically an internal failure of the dehumidifier.

16. As a direct result of the fire, the home suffered severe damage, was rendered unusable and suffered smoke damage.

17. As a direct result of the fire, the home and property were unable to be occupied or rented for several weeks while necessary reports were being conducted.

18. As a direct result of the fire, George Hanna suffered significant property damages, loss of personal property, lost use of the property, in addition to other inconveniences and burdens.

19. As a direct result of the fire, George Hanna submitted a claim to his insurer, Allied, and requested payment for damages incurred.

20. Pursuant to its policy issued to George Hanna, Plaintiff was obligated to pay and did pay to or on behalf of its insured George Hanna for the damages incurred because of the aforementioned fire, totaling $235,546.10 (including the insured's deductible) to date.

21. By virtue of the payments, Allied is subrogated to the rights of its insured to the extent of the damages paid on the claim.

## COUNT I – PRODUCTS LIABILITY

22. Plaintiff re-states the allegations in Paragraphs 1-21 as if fully set forth herein.

23. The Defendants sold the dehumidifier at issue in this case.

24. The Defendants designed and manufactured the dehumidifier at issue in this case.

25. The Defendants placed the dehumidifier at issue in this case in the stream of commerce.

26. The dehumidifier was unreasonably dangerous at the time it left the possession and control of Defendants in the following ways, including, but not limited to:

   a. The dehumidifier was designed and manufactured in such a way as to cause a malfunction and state a fire;

   b. The dehumidifier lacked adequate safety mechanisms to prevent a spontaneous fire or dangerous malfunction;

    c. The dehumidifier failed to operate as would be expected by an ordinary consumer;

    d. The dehumidifier and its parts were designed, manufactured, and/or assembled in such a way that it could spontaneously catch fire, even if not in use;

    e. The Defendants failed to properly inspect and test the dehumidifier to ensure safety and to ensure it would not be unreasonably dangerous when used as intended by an ordinary consumer;

    f. The dehumidifier was otherwise defective and unreasonably dangerous in its design, manufacture, assembly, and with respect to its warnings.

27. The above conditions made the dehumidifier a defective and unreasonably dangerous product.

28. Reasonable alternative designs exist for the dehumidifier and include, among other options, ensuring the internal parts have adequate safety measures to prevent spontaneous fire.

29. As a direct and proximate result of the above-mentioned conditions, the dehumidifier malfunctioned, causing a fire at the Hanna house which resulted in significant damage.

**WHEREFORE**, Plaintiff Allied Property & Casualty Insurance Company, as subrogee of George Hanna, requests the court to enter a judgment against Defendants, for an amount sufficient to compensate Plaintiff for its damages, for interest as allowed by law, the costs of this action, and other relief the court deems appropriate under the circumstances.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

30. Plaintiff re-states the allegations in Paragraphs 1-29 as if fully set forth herein.

31. The dehumidifier is subject to the implied warranty of merchantability under Iowa Code §§554.2314 and 554.2315.

32. The Defendants are all merchants of the said dehumidifier and did not comply with the warranty of merchantability because it was unfit for the ordinary purpose for which dehumidifiers are used.

33. Defendants' breach of implied warranty was a proximate cause of the Plaintiff's harm and resultant damages.

34. Defendants are liable to the Plaintiff for breach of the implied warranty of fitness under Iowa Code §§554.2314 and 554.2315.

**WHEREFORE**, Plaintiff Allied Property & Casualty Insurance Company, as subrogee of George Hanna, requests the court to enter a judgment against Defendants, for an amount sufficient to compensate Plaintiff for its damages, for interest as allowed by law, the costs of this action, and other relief the court deems appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

35. Plaintiff re-states the allegations in Paragraphs 1-34 as if fully set forth herein.

36. Defendants were notified and knew the purpose for which Defendants' dehumidifier was purchased and then and there warranted the same to be fit and proper for that purpose.

37. Plaintiff's insured relied on the warranty and attempted to use the Defendants' dehumidifier for the purpose aforesaid, but the same was defective as to be utterly unfit for use.

38.     As a direct and proximate result of Defendants' breach of implied warranty of fitness for particular purpose described above, Plaintiff's insured suffered damages to his property as well as incurred related costs and expenses which were paid by Plaintiff and which Plaintiff now seeks recovery.

**WHEREFORE**, Plaintiff Allied Property & Casualty Insurance Company, as subrogee of George Hanna, requests the court to enter a judgment against Defendants, for an amount sufficient to compensate Plaintiff for its damages, for interest as allowed by law, the costs of this action, and other relief the court deems appropriate under the circumstances.

### COUNT IV - NEGLIGENCE

39.     Plaintiff restates the allegations in paragraphs 1-38 as if fully set forth herein.

40.     The fire and resulting damage and destruction to the house was the direct result of the negligence on the part of the Defendants and/or their agents, servants, and/or employees acting within the scope of their employment, in the design, manufacture, sale, and/or distribution of the dehumidifier and its component parts, which negligence consisted of the following, including, but not limited to:

a. Supplying a dangerous and defectively designed, manufactured, and/or assembled product which the Defendants knew, or should have known, would subject ordinary consumers including Plaintiff's insured to an unreasonable risk of harm to real and personal property;

b. Failing to exercise reasonable care in sourcing, testing, inspecting, marketing, branding, and distributing the dehumidifier;

c. Failing to take action to prevent the dangerous/defective dehumidifier from entering the market;

41. The Defendants owed a duty of care to all consumers, including the Plaintiff's insured, to source, test, design, inspect, market, distribute, and sell dehumidifiers with reasonable care and to protect consumers from foreseeable and unreasonable risk of harm.

42. The Defendants breached this duty as set forth above.

43. As a direct and proximate result of the negligent acts and omissions of the Defendants, the Plaintiff suffered damages including the loss of property, the destruction of property, and other incidental costs and burdens.

**WHEREFORE**, Plaintiff Allied Property & Casualty Insurance Company, as subrogee of George Hanna, requests the court to enter a judgment against Defendants, for an amount sufficient to compensate Plaintiff for its damages, for interest as allowed by law, the costs of this action, and other relief the court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff asks the Court for a jury trial for all issues triable to a jury in this matter.

Respectfully submitted,

_____
John M. Guthrie       AT0015105
Law Offices of John M. Guthrie
Dept: D1-2W-0308
1100 Locust Street, Floor 2
Des Moines, IA 50391
Phone: (515) 508-6460
Direct: (515) 508-6461
Fax:    (877) 698-1826
Email: guthrj2@nationwide.com

ATTORNEY FOR PLAINTIFF

Dated: July 18, 2024

Original E-filed.

notice of removal is timely filed within thirty days of service of the Original Notice and Petition on Defendants. As noted in paragraph 6 below, neither company was properly served.

3. Defendants Midea America Corp. and Midea Group are the sole defendants in this case. Therefore, there are no other defendants whose consent is required for removal. See 28 U.S.C. § 1446(b)(2)(A).

4. The Petition alleges that Plaintiff's insured purchased a dehumidifier manufactured by Defendants which caused a fire at the insured's home on or around May 20, 2022, resulting in significant property damages. Plaintiff alleges the damages total $235,546.10.

5. Complete diversity exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000. Accordingly, this action may be removed to this Court. *See* 28 U.S.C. §§ 1332, 1441.

II. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

6. Plaintiff filed proofs of service asserting that defendants Midea America Corp. was served on July 25, 2024. The process server states in the proof of service that Midea America Corp. was served by serving an individual who is reported to be a customer service associate and not a managing agent of Midea America Corp. In the proof of service pertaining to Midea Group, the process server states he served the same customer service associate. That individual is not an authorized representative of either company for the purpose of accepting service of suit papers. Without conceding proper service has been accomplished or a proper Defendant has been named, all possibly named Defendants (regardless of status of service) are either represented by the undersigned or have joined in, and consent to, removal. See *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015). Moreover, even assuming service was properly performed upon Midea America Corp. and Midea Group, this Notice of Removal is timely under

28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-days from service rule).

7. Venue for removal lies in this Court pursuant to 28 U.S.C. § 1441(a) is proper in this District and Division because this District and Division embrace Benton County, Iowa, the forum in which the removed action was pending. See 28 U.S.C. §95(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the District Court for Linn County, Iowa.

10. A filing fee of $405.00 has been tendered to the Clerk of this Court.

11. As required by Local Civil Rule 81(a)(1), Defendants have filed with this Notice of Removal a statement which sets forth the names of counsel and the law firms that have appeared in the state court, with their office addresses, telephone numbers, facsimile numbers, and e-mail addresses. Also attached to that statement are true and correct copies of process, pleadings, and orders filed in the state case.

12. By this Notice of Removal, Defendants are not waiving and expressly reserve their right to contest personal jurisdiction, service of process, and the sufficiency of Plaintiff's Petition at Law, as well as their right to assert any defense available to them under any state or federal statute.

### III. THE DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED.

13. The basis for this removal to federal court is diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendants, and (2) it is apparent that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

14. Plaintiff's subrogor, George Hanna, is a citizen of the state of Iowa. (See Petition, Exhibit A, p. 1, ¶ 2.)

15. Pursuant to 28 U.S.C. § 1332(c), a corporation is a citizen of every state and foreign state in which it is incorporated and in which it has its principal place of business.

16. Plaintiff is a corporation organized under the laws of Iowa, with its principal place of business in Iowa. Exhibit A, Petition ¶ 1. For purposes of diversity of citizenship jurisdiction, Plaintiff is a citizen of Iowa.

17. Defendant Midea America Corporation is a Florida corporation with its principal place of business in Parsippany, New Jersey. Exhibit A, Petition ¶ 3. Therefore, Midea America Corporation is a citizen of Florida and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). Defendant Midea Group is a Chinese corporation with its principal place of business in China. Accordingly, Midea Group is not a citizen of Iowa. See 28 U.S.C. § 1332(c)(1).

18. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as complete diversity of citizenship exists in that Plaintiff is not a citizen of the same state as Defendants.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET.

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interests and costs. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). While some courts require the proponent of federal jurisdiction to prove the amount in controversy to a legal certainty, the Eighth Circuit has adopted a lesser standard of proof by a preponderance

4

of the evidence. Varboncoeur v. State Farm Fire & Cas. Co., 356 F. Supp. 2d 935, 942 (S.D. Iowa 2005).

20. Plaintiff alleged in the petition that the home insured by Plaintiff suffered severe damage as a direct result of the fire allegedly caused by a defective dehumidifier allegedly manufactured by the Defendants. Exhibit A, Petition ¶ 12-16. Plaintiff further allege damages of at least $235,546.10. Exhibit A, Petition ¶ 20. Although Defendants deny any liability, Defendants believe that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817,821 (8th Cir. 2011) (quoting *In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity.").

21. Accordingly, given the nature of the injury and damages sought, it is clearly more than merely plausible that Plaintiff seeks damages in excess of the jurisdictional minimum of $75,000. As such, the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case.

**V.     CONCLUSION**

25. Because the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

26. Defendants specifically request that an evidentiary hearing be held upon any future motion for remand filed in this matter.

27. Defendants specifically request oral argument upon any future motion for remand, pursuant to LR 7(c).

WHEREFORE, Defendants respectfully give notice that the above action, now pending against them in the District Court of Benton County, Iowa, is removed to the United States District Court for the Northern District of Iowa, Cedar Rapids Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

/s/ Richard A. Stefani
Richard Stefani (AT0007583)
Matthew J. Nagle (AT0005715)
GRAY, STEFANI & MITVALSKY, P.L.C.
425 Second Street S.E., Suite 700
P.O. Box 456
Cedar Rapids, IA 54206-0456
Email: rickstefani@gsmlawyers.com
       mnagle@gsmlawyers.com
Tel: (319) 364-1535

**ATTORNEYS FOR DEFENDANTS MIDEA AMERICA CORP. AND MIDEA GROUP**

**CERTIFICATION OF SERVICE**

I certify that on August 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties. Parties may access this filing through the Court's system.

By: /s/ Richard A. Stefani
    Richard A. Stefani, Esq.